

Joyce Ann Murrell
In Pro Per
1400 Penacle Court, #203,
Pt. Richmond, CA 94801
Phone: (510) 215-2702

FILED
OCT 3 1 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

DEC 10 2007
CLERK, U.S. DISTRICT COURT
...AL DISTRICT OF CALIFORNIA
DEPUTY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(San Francisco)

C 07        5553

07 - 80 39 -

JCS

JOYCE ANN MURRELL,

    Plaintiff,

    vs.

    Defendants

1.   NORTIN & STURINO

2.   COOK, EDWARDS, BERRYHILL & MILLER, (a) John Berryhill (b) Karen Shaw professionally and individually and (c) Estate of William F. Forbrich (d) Estate of Harvey S. Murrell (e) Estate of Mary Louise Murrell (f) Mankowski Trust (names known and unknown separately and enjoined)

3.  James Nichols professionally and individually

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: CV

COMPLAINT

JURY TRIAL DEMANDED
Non-publish

FALSE EMBEZZLEMENT CIVIL
CONVICTION BY FORGERY

I.   DEPRIVATION of Federal and State protected Constitutional civil rights. United States Constitution 1st, 5th, 11th & 14th Amendments California Constitution Art I § 7(a)

II.   DEPRIVATION of  Civil rights and CONSPIRACIES to deny due process under Acts of Congress  42 U.S.C. 1983, 1985(2)(3), 1986, 1988,  18 Ch U.S.C. 13 §241, §245, §246, 28 U.S.C. IV Ch 89 §1443, 28 U.S.C. IV Ch 85 §1343, 45 U.S.C. Ch. XVI §1624 & §1629.

RECEIVED AND RETUR...
CLER... U.S. DISTRICT CO...
JAN 3 0 2008
DISTRICT OF CA...

1  4. Michael and Mary Lou Mankowski

2  (individually and professionally

3  (trustee) (a) Estate of William F.

4  Forbrich (b)  Estate of Harvey S.

5  Murrell (c) Estate of Mary Louise

6  Murrell (d) Mankowski Trust(s) (names

7  known and unknown)

8  5.  DOMINE & ADAMS, Jeffrey

9  Domine, professionally and individually)

10  6. United States District Court Central

11  California Division

12  7.  County and City of Santa Barbara,

13  CA, Police and Sheriff Departments

14  8.  Santa Barbara County and City

15  District Attorney's office, Pat McKinley

16  9.  Second District  Court of Appeals

17  10.  Mathew Long, Attorney

18  11.  David Lampkin, Attorney

19  12.  Mrs. Hillary Tentler

20  13.  THOMAS TOWING  dba

21    (a)  Mathew Thomas (b)  Mr. Valney

22  (Professionally and individually)

23  14.  LA CUMBRE HOMEOWNERS

24  ASSOCIATION  and (a) Sandra Foehl

25  (b) Dolores Woodson

)

III. The USDC magistrate judge is not permitted to dismiss and make an order in cases 04-8468 and 04-09352; 28 U.S.C. § 636(b)(1)(B)(C).

IV. USDC Central Division Parties did not consent to the referral of the matter to the magistrate judge, FRCP Rule 72(b). The magistrate judge is not permitted to issue an order on the matter; Rule 72-3 & 312(d)(b).

V. GRAND LARCANY; falsified transfer of deed Penal Code 115.5 (a) (b), 506 (a) unlawful deed recording. Unlawful property and asset seizure.

VI. FORGERY 28 U.S.C.  Part V Ch 115 § 1740, §1741 Penal Code §470 - §483.5, §471 & §132 – §411.

VII. LAW ENFORCEMENT MISCONDUCT

VIII.   GRAND THEFT AUTO AND DESTRUCTION 18 U.S.C. Part I Ch. 2 §33

IX. OBSTRUCTION of justice and denial of due process 18 U.S.C. Ch 73 1512 (A) (B) (C) (3 & c.1) Pur autre vie. DENIAL of relevant evidence 28 U.S.C. Art IV 401 Relevant evidence

X. OBSTRUCTING JUSTICE by public official(s)  18 U.S.C. Ch. 11 §201(b)(1).

15. GRIFFITH & THORNBURGH
Craig Price

16. John Foster Leche Professionally
and individual)

)    XI. NEW EVIDENCE Res nova 45
)    U.S.C. Ch XVI §1624 & §1629, and
)    California State C.C.P §187.
)
)    XII. UNTRUTHFUL AND
)    CONSPIRED DOCUMENTS. 28
)    U.S.C. §1001(3) no existing originals.
)
)    XIII. UNLAWFUL EVICTION OF
)    OWNER Civil Code §1946, failure to
)    inventory, denial of 15 day re-entry.
)
)    IVX.  EXTORTION
)
)    XV. FRAUD, PERJURY, SLANDER
)    MALICIOUS PROSECUTION 42
)    U.S.C §1307, 28 U.S.C. §609 & §608,
)    §1108 & §1109.
)
)    XVI. FALSE DECLARATIONS before
)    a court   18 U.S.C.  Ch 79 §1623.
)
)    XVII. PERJURY and subordination of
)    perjury U.S. C. Title 18 Ch 79 §1621&
)    §1226.
)
)    XVIII. FRAUD and false statements in
)    money and property 18 U.S.C.  Part I
)    Ch.  47   §1031, §1031(a)(2, 31 U.S.C.
)    Ch.  38 §3802 False Claims and
)    Statements, malfeasance
)
)    XIX. LEGAL MALPRACTICE,
)    neglect, Incompetent representation.
)
)    XX. QUANTUM MERUIT gifts in
)    view and consideration in promise
)    enforced by equity Probate Code
)    §21700(4). Civil Code §1148, §1040

USDC SF   Murrell v Nortin &  Sturino,  Cook, Edwards, Berryhill & Miller etal. Page 3 of 421

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

) Consideration of trust gifts Probate
) Code §5701; §5705, §5700.
)
)
) XXI. NON-NOTIFICATION 26 U.S.C
) 26 §6034A, §662, §584, §6034A,
) §6012(a), §652, §584, §982, §7206
) written yearly reports and disclosures to
) beneficiaries of trusts.  False and
) concealed assets failing to make, obtain,
) transmit report.
)
) XXII. PENALITY 12 U.S.C. §164, for
) failure to make Beneficiary reports.
)
) XXIII. CHARACTER ATTACK FOR
) CRIME CONVICTION 28 U.S.C.
) §1108 §1109.
)
) XXIV. FAILURE TO MAKE
) BENEFICIARY YEARLY REPORTS
) Probate Code §16060-§16064,
) §16061.8(a), §16061.7 and distribution
) of inheritances.
)
) XXV. GIFT TO MINORS ACT Probate
) §3900-§3925 Gift to a Minor's Act.
) Failure to distribute and withholding
) medical/disability award.
)
) XXVI. SUITS AGAINST TRUST
) REPRESENTATIVES Probate Code
) §377.40.
)
) XXVII. FRAUD IN TRANSFERS Civil
) Codes §3439 – §3439.12 constructive
) trust, contracts, wills, trusts and
) inheritances. Civil Codes §1227 –
) §1231 Altering wills, trusts, real

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

)  property.
)
)  XXVIII. UNIFIED TRUST ACT AND
)  UNIFORM DISCLAIMER OF
)  TRANSFERS BY WILL, INTESTACY
)  OR APPOINTMENT ACT (1978)
)
)  IXXX.  Civil Codes §1798.46,
)   §3294-§3296, §1565-§1578, §3441.
)  §8225 – §8227.
)
)  XXX.  CONTESTING OF WILLS
)  AND ESTATES Probate Code 8250(a)
)
)  XXXI.  PROBATE CODES:
)  §850 (d) (B); §859, Part 6 Ch 2 §247-
)  §248; §3500 (a); §3500(d); §3600;
)  §7260–§7261; §7263;  §8220 (a) (b) (c);
)  §8250 (a); §8252; §8850; §8870-
)  §8873; §8871; §8200 – §8203; §8850;
)  Part 19 §850 (a) (1); Part 19 §850(c)(d)
)  (e); Part 19 §859; §9880; Part 8 §11000
)  - §1005;  Part 8  §11001(c); Part 8
)  §11002 (a);  §2614(c); §10380- §10381;
)  Ch 3 §10501(3) Ch. 3 §10501 (4); Ch. 3
)  §10501(5); Ch. 3 §10501(6); Ch. 3
)  §10501(7); Ch 3 §10501(8); Ch. 3
)  §1050 (b); §10510- §1020; §10389;
)  §11600-§1105;  §11050;  §11051;
)  §10950-§10854;   §11751(a);  §11750;
)  §11752;  §11754;  CH 4 §10580;
)  §10581; §10585;  §10586; §16060-
)  §16064; §16061.8(a), §16061.7;
)  §377.40; §3900-§3925; Art 6  Ch. 1
)  §245; §247;  §15300; §15301 (a);
)  §15301; §15403(a)(2); §16401 (4);
)  §16402(3); §16403(b)(1); §16420 (8);
)  §18100; §16440(9); §16440(a)(1);
)  §16440(a)(2); §16441; §17000;

§17002(a); §17001; §17005(a)(1);
§21351(b); §21356(a)(b);  §21700(1);
§21700(2); §21700(3);   §21700(4);
§21621(a); §2616;  §2616 (1);
§2616(2); §2616(A);§2615; §2616 (3);
§2616 (a ); §3130; §3154(a);  §3140-
§3148; § 3144(a);  §3144(a); Art 2
§16040 -§16042; Art 3 §16060 -§16064
§16061; Art 1 §16400-§16403; §5701;
§5705;  §5700; §11050; §11051. (a);
§2616.(a)(1)(2)(3)(b)(1)(2)(A)(B)(3)(4)
(c)(d); §2617; §2618.
(a)(b)(c);2619.(a)(b).

XXVII.  RECINDING of April 23,
1999 disclaimer and Dec. 1998 deed
transfer:   California  Civil Codes of
Procedures §1566 & Probate Code
Probate Code 21351(b) (3)

XXXIII. FRAUD Civil Codes §3294-
§3296, §1565-§1578, §3441 (actual and
constructive), malice oppression, undue
influence, duress, concealment, lying
and conspiring to defraud.

 XXXIV. FRAUDULENT
TRANSFERS Civil Codes §3439 –§
3439.12 with actual intention to defraud
constructive trust, contracts, wills, trusts
and inheritances.

XXXV. Disclaimers are legally
considered a gift with consideration for
re-payment Civil Code §1148.

XXXVI. The estate transfers,
conveyances, successions, disclaimer(s)
and real property sales are VOID;

)   Probate Code 21351(b) (3) [extreme
)   emphasis added].
)

XXXVII.   CONSPIRING AND
DECEPTIVE PRACTICES TO
DEFRAUD Penal Code §182

Plaintiff alleges as follows:

1.      This is an international grand larceny embezzlement, unlawful seizure

and fraud action filed with new evidence.  The Plaintiff, Joyce Ann Murrell

(herein known as "MURRELL") was unconstitutionally civilly maliciously

prosecuted for her trust embezzlement/depletion by computer forgery on

unverified conspired faxes from Switzerland.   Prepared on request of Defendant

Trustee Mary Lou and Michael Mankowski (herein known as "MANKOWSKI")

and Defendant estate attorney John Berryhill of Cook, Edwards, Berryhill and

Miller (herein known as "BERRYHILL") in a "trust depletion conspiracy".  The

action also includes will and trust fraud and unlawful conveyances, transfers and

successions.

2.      Three (3) courts DENIED MURRELL's cries of INNOCENCE and

obstructed all evidence and estate evidence in grave miscarrying of justice.  In

order to seize her co-owned home life estate, assets, inheritances, belongings,

furnishing and destroy her classic auto in eight (8) conspiracies.  On false pretenses

and forgery by the deliberate erroneous exclusion and concealment of evidence.

The Plaintiff's gifts in view and consideration were also seized and revoked on undue influence and fraud that MURRELL embezzled her trust by forgery. (See Exhibit 1 genuine will of the Plaintiff's Mother Mary Lou (Louise) Murrell, herein known as "MARY").

3.    MURRELL was unlawfully evicted from her lawfully pur autre vie co-owned home and twenty-two (22) year occupancy.[1]  When Defendant James Nichols (herein known as "NICHOLS") filed the four (4) Swiss faced forgeries into court record and obstructed misleading estate information.  In support of unlawful conveyances on fraud; concealment and non-disclosures in will and trust fraud.  In a civil rights conspiracy, 18 U.S.C.  Ch. 13 §241, §245, §246, the Defendants conspired with each other, court clerks and public officials,  18 U.S.C. Ch 11 §201(b)(1), obstructing justice 18 U.S.C. Ch. 73 §1512 (A)(B) (C) (3 & c.1).

4.    The Plaintiff brings this action to redress eight (8) conspiracies and her signature FORGERY depriving and the actual deprivation of rights secured by the First, Fifth, Eleventh and Fourteenth Amendments to the U.S. Constitution and Article I, §7(a) of the California Constitution, as well as, 42 U.S.C. §1983, §1985 (2) (3), §1986 and §1988; 28 U.S.C. § 636(b) (1) (B) (C).  For wrongful civil

---

[1] MURRELL lived in quite enjoyment of title pur autre vie in her life estate as beneficiary and co-owner of her home since 1979.  Until secretly and unlawfully conveyed by will and trust fraud with further fraud by the embezzlement claims. (See First, Second, Third, Fourth and Fifth Causes of Action).

proceedings (malicious prosecution); defamation of character (slander per se);

legal malpractice; malfeasance; perjury; FORGERY; "disingenuous documentary

evidence"; negligence; forgery and incompetent legal representation. (See New

Evidence – Pg. 42, Does 2).

5.    New evidence irrefutably proves MURRELL was maliciously

prosecuted in WRONGFUL court decisions by fraud, perjury, conspiring,

obstruction of justice and forgery in three (3) courts.  In order to deprive her of her

home, life estate, assets and provisions for her medical care verified and an

unlawful eviction.   She is entitled to immediate relief and re-instatement verified

in the new evidence.  The Plaintiff is acutely physically disabled.  Her special

needs trust was embezzled and depleted by the Swiss asset managers who are

being prosecuted in a Swiss Criminal Court in Kriens Switzerland. (See New

Evidence Exhibits 2; 3; 4; 5; 6; 7; 8).[2]

6.    MURRELL is entitled to regression from all State Court rulings,

judgments, remitters, seizures of her properties, an unlawful eviction, theft and

grand theft auto and its destruction.   She is entitled to "NEW" trials and decisions

---

[2] The Defendants have violated over twenty (20) penal codes and have conspired both among themselves and with court officers, judiciary and clerks verified in three (3) courts; 18U.S.C. Ch 11§ 201(b)(1) impeding of justice by public official(s). To falsely deprive and convey the Plaintiff's home, life estate, assets to the trustee under false pretenses to the Defendant trustee MANKOWSKI who is liable and responsible for the embezzlement.

USDC SF   Murrell v Nortin &  Sturino,  Cook, Edwards, Berryhill & Miller etal. Page 9 of 421

on new evidence, malicious prosecution, perjury conspiracies and incompetent legal representations. Filed with damages, losses, costs and fees.

7.    The two effected cases and USDC sua sonte dismissed actions commences as a simple will and trust fraud case with a second for grand theft auto and its destruction. The Superior Court Judge refused to probate and distribute estate assets from three (3) trusts and wills and settle the estates, which would have ended the dispute. Instead, he refused to verify four (4) Swiss faxed forgeries ruling upon them in a phony defense in the cases that MURRELL had embezzled and depleted her trust. These documents should have been eliminated as disingenuous and forgery, but the courts refused all evidence and a preliminary trust audit ruling that the Swiss asset managers do not LIE!

8.    The evidence clearly sets forth the courts acted capriciously with grave miscarrying of justice. In deprivation of State and Federal statutes on their own presumption, predigest and biases. Three (3) courts concurred the Swiss asset managers do not LIE! They were wrong in their biased ruling. The Swiss Asset Managers do LIE and conspired with MANKOWSKI, NICHOLS and BERRYHILL to frame MURRELL for their embezzlement in order to seize her property.

9.    California Constitution Amendment §7 (a)

*"A person may not be deprived of life, liberty, or property without due process of the law or denied equal protection of the laws; provided, that nothing contained herein or elsewhere in this Constitution imposes upon the State of California or any public entity board, or official any obligations or responsibilities which exceed those imposed by the Equal Protection Clause of the 14th Amendment to the United States Constitution."*

10.    The Plaintiff is being threatened with embezzlement prosecution from the Defendant Trustee Mary Lou and Michael Mankowski (herein known as "MANKOWSKI") next door neighbor Defendant and Assistant District Attorney Pat McKinley (herein known as "MCKINLEY").   When he could not produce the original copies of the Swiss faxed forgeries in Swiss Police investigations.

11.    The matter of controversy exceeds the sum of $10,000,000.00, exclusive of professional damages and losses, personal damages and losses, costs and fees. For:

1. CHARACTER DEFAMATION

2. CONSPIRACY

3. CONSPIRACY TO DEPRIVE CIVIL RIGHTS

4. CONSPIRED COMPUTER FRAUD BEARING FORGERY

5. CONSTITUTIONAL DEPRIVATION OF CIVIL RIGHTS

6. DECEPTIVE PRACTICES

7. DISCOVERY AND DUE PROCESS VIOLATIONS

8. EXTORSION

9. FALSE STATEMENTS

10. FRAUD

11. GRAND LARCANY

12. GRAND THEFT AUTO AND DISTRUCTION

13. GRAVE MISCARRYING OF JUSTICE IN THREE (3) COURTS

ON UNTRUTHFUL EVIDENCE BEARING FORGERY

14. INHERRITANCE FRAUD

15. LEGAL MALFEASONS

16. LEGAL MALPRACTICE

17. MALICIOUS PROCESUTION

18. NEGLIGENCE

19. OBSTRUCTION AND IMPEDING OF JUSTICE BY A PUBLIC

OFFICIAL

20. PERJURY

21. SLANDER AND CHARACTER DEFAMITION

22. UNDUE INFLUENCE

23. TRUST EMBEZZLEMENT (CONFIRMED BY POLICE

FORENSICS AND CRIMINAL CHARGES)

24. U.S. DISTRICT COURT JUDGE, SHERIFF AND POLICE

MISCONDUCT

25. UNCONSTITUTIONAL CIVIL EMBEZZLEMENT CHARGES

26. UNLAWFUL SEIZURES CONVEYANCES AND TRANSFERS

27. UNLAWFUL EVICTION AND THEFT OF FRUNISHINGS AND
    BELONGINGS

28. UNTRUTHFUL EVIDENCE (CERTIFIED BY SWISS POLICE AS
    FRAUDULENT)

29. WRONGFUL CIVIL PROCEEDINGS

30. DECEPTIVE PRACTICES

## I.   <u>JURISDICTION</u>

12.   This Court has jurisdiction pursuant to Article III of the Constitution 28 U.S.C. §1331.  The district courts shall have original jurisdiction of all civil actions "arising under" the Constitution, laws, or treaties of the United States in a private action, where government officer(s) and employee(s), acting in his or her official capacities, injured the plaintiff by action(s) that violates some provision of the Constitution or by action taken on the authority of an unconstitutional statute.

13.   42 U.S.C. §1983, explicitly authorizes Federal question Jurisdiction §1331for complaints based on Federal common law for a private remedy for acts/causes of action, that is under the color of state law and violates rights secured

by federal law which govern Defendants' conduct, and authorizes Plaintiffs to

enforce the rights created; (in *American Well Works v. Layne and Bowler Co.*).

14.    This court has jurisdiction over all Defendants by acts of Congress 42

U.S.C. §1983, §1985(2) (3), §1986 and §1988 in vindication for deprivations of

Federal and State Constitutional rights and conspiring to deprive civil rights.

15.    Federal court has jurisdiction over suits for malicious prosecution 42

U.S.C. §1983 because an essential element of Plaintiffs' complaint is that the

Defendants had no probable cause for their actions.

16.    Multiple and diversity of jurisdiction of occurring acts and parties, 28

U.S.C. §1407, venues the case in USDC; 28 U.S.C. §1332(a) (1)–(2); i.e.:

California, Illinois and two (2) foreign countries.   Diversity jurisdiction also exists

when the parties include "citizens of different States and citizens or subjects of a

foreign state are additional parties," *id.* §1332(a) (3) (4).  All Federal Defendants

for the exception of one (1) trustee Mankowski, are non-parties to a previous state

court proceedings; Lance v. Dennis, 126 S. Ct. 1198 (2006).  The diversity statute,

28 U.S.C. §1332, grants jurisdiction to U.S. district courts over cases between

citizens of different states and between citizens of a state and citizens of a foreign

country when the matter in controversy exceeds $75,000.

17.    The Administrative Procedure Act (APA), permits reviews of Federal

agencies and jurisdiction, PC§706, over such actions is provided by PC§1331

voiding sovereign immunity.   5 U.S.C. §702 creates this right of action expressly

when the agency misinterpreted its governing statute or made erroneous

conclusions of law.

18.    Federal Tort Claims Act,  28 U.S.C. 5 U.S.C.§702, the Federal

District Courts may entertain damage tort claims against the United States when

the agency misinterpreted its governing statute or  made erroneous conclusions of

law; §1361

19.    42 U.S.C. § 1983, explicitly authorizes a private remedy for acts that

are under color of state law and violate rights secured by federal law.  42 U.S.C.

§1985(2) (3), §1986, §1988 is jurisdiction for suits in vindication for the

deprivation of federal and state constitutional rights by the abuse and conspiring in

the office and administration of courts and with public official(s); police

misconduct;  attorney conspiring, untruthful evidence, forgery; malfeasance;

conspiracy; incompetent representation; malicious prosecution and malpractice.

Willfully to deprive the Plaintiff of her federal and state federally protected civil

rights.

20.    The parties named reside in or acted within the Judicial District of

California, Illinois and two (2) foreign countries of Switzerland and Liechtenstein.

*See also* Sweeney v. Abramowitz, 449 F. Supp. 213 (D. Conn. 1978) (Federal

Court has jurisdiction over suit for malicious prosecution based on filing of a

claim under 42 U.S.C. §1983 because an essential element of Plaintiffs'

complaint is that the Defendant had no probable cause or cause of action). The

diversity statute, 28 U.S.C. §1332, grants jurisdiction to U.S. district courts over

cases between citizens of different states and between citizens of a state and

citizens of a foreign country when the matter in controversy exceeds $75,000.

21.     Plaintiff invokes supplemental jurisdiction over state and common law

claims pursuant to 28 U.S.C. §1391(1) (3, (b) (1) (g), §1369 (a) (3) (c) (1) and

§1603 (a) (b) (1) (2) (3) & c) (d) & (e).  Incidents occurring in diverse states and

foreign countries where acts are carried out in the United States.  Moreover, one

(1) foreign country citizen is also residence Washington State.

22.     This state-law and quite title action is upheld by the Supreme Court

for Federal Jurisdiction in _Grable & Sons Metal Products v. Darue Engineering_.

The Supreme Court upheld Federal Jurisdiction in a State-Law quiet title action

which turned entirely on the interpretation of a Federal Internal Revenue Service

notice provision.  The Court held that Federal Jurisdiction is appropriate in state-

law actions if there is a contested and substantial federal question and if Federal

Jurisdiction "is consistent with congressional judgment about the sound division of

labor between State and Federal Courts governing the application of PC§1331.

23.     The cases are state exhausted and filing into the USDC Central

California Division has been DENIED for purposes of obstruction; 18 U.S.C. Ch.

73 §1512 (A) (B) (C) (3 & c.1.).    There are no State Court proceeding or pending

State proceedings at the commencement of this Federal Litigation where

declaratory, injunctive or compensatory relief may be available to the Federal

Plaintiff; *Ankenbrandt v. Richards*.

    24.    All Federal Defendants, for the exception of one (1) trustee

Mankowski, are non-parties to a previous state court proceedings; Lance v. Dennis,

126 S. Ct. 1198 (2006).

    25.    Federal courts can hear state-law claims that turn on questions of

federal law. The Court adopted a functional, rather than a "single, precise, all-

embracing" test for "arising under" jurisdiction *Osborn v Bank of the United*

*States*, 22 U.S. (9 Wheat.) 738, 823 (1824); *see also Verlinden B.V. v Central Bank*

*of Nigeria*, 461 U.S.480, 492 (1983) (Foreign Sovereign Immunities Act is

constitutional as actions against foreign sovereigns or foreign Plaintiffs in U.S.

courts require the application of federal law).

    26.    This action alleging constitutional violations arise from State and

Federal courts are not barred by Rooker-Feldman [460 U.S. at 482 n.16, 486-87].

Because of NEW and suppressed evidence where both the state lower tribunal and

appellate courts holdings were WRONGLY decided by deprivations of

Constitutional due process rights, the USDC Central Division WRONG sua sponte

dismissed (in violation of Civil Court Rule 312(d)(b)) two (2) cases on

FRAUDULENT  State Court holdings; See <u>Ballinger v Culotta</u>, 322 F.3d 546 (8th Cir. 2003) (§1983 Federal action alleging constitutional violations stemming from state court action).

27.   The USDC Central California Division violated Rule 72(b) of the Federal Rules of Civil Procedure 72(b), the Federal Statute 28 U.S.C. § 636(b) (1) (B) and (C), and Civil Local Rule 72-3, 12(b)(6).  New evidence verifies conspiring between the clerks and Magistrate Judge where objections were also DENIED with a federal injunction as ordered into the Ninth Circuit by the Pasadena Clerk. A de novo review is requested.

28.   The Plaintiff is a person suffering legal WRONG because of agency Actions.  She was adversely affected and aggrieved by United States and California State agencies misconduct within the meaning of a relevant statute.  She is entitled to judicial relief thereof."  In vindication in USDC; 5 U.S.C. §702.

29.   This new grand larceny, embezzlement and unlawful property seizure case is filed with new evidence which will render different decisions.  Pursuant Civil Rights Violations; 45 U.S.C. Ch. XVI §1624 & §1629 and California State C.C.P. §187.

30.   Federal  jurisdiction is invoked against ALL state judicial rulings, orders, remitters, judgments as wrong and erroneous made on untruthful evidence and lack of alleged state jurisdiction; 28 U.S.C. §2680(a).

31.   <u>NOTE</u>:  The inheritances, estates, quite title and real properties are not in the custody of a State Probate Court.  This action is NOT brought endeavoring to dispose of property that is in the custody of a State Probate Court.   The tort actions previously occurred by fraud with multiple jurisdictions in the diversity statute and "probate exception" which does not bar Federal Courts from adjudicating matters outside those confines and otherwise within Federal Jurisdiction.

32.   Federal Court may entertain claims against administrators and executors as long as they do not interfere with probate or administer an estate.  The subject estates are non-probated, non-disclosed, non-distributed, non-settled and unlawfully succeeded Illinois wills and "living" trusts.   It has not yet been established if probate is required; Charles A. Wright et al., Federal Practice and Procedure §3610 (2d ed. 1984).

## II.   <u>VENUE</u>

33.   Venue is proper in this District pursuant to 28 USC §1391.  U.S. Affiliate, United States District Court Central California Division is a Defendant requiring the case venue at the current residence of the Plaintiff; 28 U.S.C. IV Ch. 87 §1402(1). 28 USC §1391, §1369 and 42 U.S.C. §1983, §1985(3), §1986 & §1988.

34.   The venue is proper in this District because the history of

Constitutional deprivations; 18 U.S.C. Ch. 13 §241, §245 & §246, verifying that

the Plaintiff cannot secure due process and be free from the impeding of justice in

the Southern California venue, where 42 U.S.C. §1985(2) (3) conspiracies and the

impeded justice by a public official(s) 18 U.S.C. Ch 11 § 201(b) (1), occurring in

both the USDC in Southern California and state courts of the Second District Court

of Appeals in Ventura, CA and Santa Barbara Superior Court.  MURRELL is

entitled to file this case into this venue of her current residency because of the

cause of action against U.S. Governmental agencies.

## III.   **STATUTES**

35.   Claims are filed within State and Federal statutes of limitations

because the claims were being adjudicated in the California Court of Appeals.

Time did not begin to run on statutes of limitations until the appellate court

judgment in <u>Murrell v. Mankowski</u> trustee 01133001/Appeal B176434 and <u>Murrell</u>

<u>v Thomas Towing</u> 01156933/Appeal B180943 which was not decided until

October 2006.  A third superior court case <u>Mankowski v La Cumbre Homeowners'</u>

<u>Association 01167702</u>  is still pending appeal.    On November 1, 2006, the

California Supreme Court DENIED MURRELL's petition for review of <u>Murrell v</u>

<u>Mankowski Trustee</u> and <u>Murrell v Thomas Towing</u>.  See Exhibit 2 which is a

conformed true and correct copy of that opinion.  State options are exhausted.

USDC SF   Murrell v Nortin &  Sturino,  Cook, Edwards, Berryhill & Miller etal. Page 20 of 421

36.   Claims are filed within State and Federal Statues on 42 USC §1983, §1985(2) (3), and §1988 which is barred from statute of limitation. i.e.: USDC 04-09352 JWR Cook, Edwards, Berryhill and Miller etal, 04-08468 Removal of Murrell v Mankowski Trustee and State cases Murrell v Mankowski Trustee [01133001] and Murrell v Thomas Towing [01156933].

37.   Inheritance fraud statutes of limitations and tort claims are not barred from exception Friedlander v. Friedlander, 149 F.3d 739 (7th Cir. 1998).  Statues due not run until one (1) year after full estate disclosure and inventory is provided to the beneficiaries; 12 U.S.C §164.   To date, there has been no beneficiary disclosures or inventories; 26 U.S.C 26 §6034A, §662, §584, §6034A, §6012(a), §652, §584, §982, §7206.

38.   Legal Malpractice and malfeasance claims have a one (1) year statue of limitations from conclusion and exhaustion of state proceedings.  This case is filed within those provisions where incompetent representation grants new decisions and trials.

39.   NEW, suppressed and ongoing incoming evidence are verified in 2007 by the Swiss Police where 2007 criminal charges by the D.A. are imposed against the asset managers for the embezzlement, computer fraud, forgery and impeding justice in California and U.S. Courts.

40.     The Plaintiff is entitled as beneficiary of the three (3) wills and trust

for complete Beneficiary disclosures, distributions,  settlements and penalties; 12

U.S.C §164 & 26 U.S.C.  §6034A, §662, §584, §6034A, §6012(a), §652, §584,

§982, §7206.

## JURY TRIAL DEMANDED ON ALL ISSUES

### IV.    PARTIES

41.     Plaintiff, Joyce Ann MURRELL is a **disabled** individual currently

residing in Alameda County after the unlawful seizure and eviction of her home.

She was unconstitutionally civilly charged with embezzlement by forgery of her

name on conspired disingenuous Swiss faxes by the Defendants, in order to seize

MURRELL's property by committing grand larceny in will and trust fraud.

MURRELL suffered extreme losses of her home, life estate, assets, auto,

belongings and furnishing by perjury; fraud; malicious prosecution with judgments

and remitters on false and untruthful conspired documents.

42.     At all times mentioned herein, DEFENDANT estates and trusts (a)

Estate of William F. Forbrich (b)  Estate of Harvey S. Murrell (c) Estate of Mary

Louise Murrell (d) Mankowski Trust(s) (names known and unknown separately

and enjoined).

43.     At all times mentioned herein, DEFENDANT Mary Lou and Michael

MANKOWSKI, are husband and wife.  Mary Lou MANKOWSKI is the trustee

and successor trustee of the two (2) Illinois trusts [Forbrich and Murrell trusts and wills]. She is the first successor of the FORBIRCH Will and Land Trust to the Mary Lou Mankowski trust on March 15, 2003. The succeeded Harvey S. Murrell trust to the first succession to California Mary Louise Murrell trust and second succession to Mary Lou Mankowski trust. MANKOWKSI is liable and responsible for the trust embezzlement. She conspired with her husband and their employed asset managers to fame MURRELL for the embezzlement by forgery which they filed into court record. This fraud was used to unlawfully seize MURRELL's property, assets, belongings, furnishing, life estate and all inheritances. They failed to distribute estates in will and trust fraud; perjury; conspiring; obstruction of justice; false estate representations; deprivation of constitutional rights to due process; grand larceny; unlawful seizers; theft; fraud and breach of trust. They conspired with public officials. Suit is filed pursuant to 42 U.S.C. §1983, §1985(2)(3), §1986, §1988. 42 U.S.C. §1983, §1985(2)(3), §1986, §1988, obstruction, 18 U.S.C. Ch. 73 §1512 (A)(B) (C) (3 & c.1); 18 U.S.C. Part I Ch. 2 §33;  perjury,  18 U.S.C. Ch. 79 §1623.

44.    At all times mentioned herein, lawyer DEFENDANT John BERRYHILL and his Notary Karen SHAW, and are partners and employees of Cook, Edwards, and Berryhill & Miller.  They are and were residents of the County of Santa Barbara, California and commenced estate work in 1998.

USDC SF   Murrell v Nortin &  Sturino,  Cook, Edwards, Berryhill & Miller etal. Page 23 of 421

BERRYHILL defrauded MURRELL in falsified estate actions, filed unlawful

conveyances, successions of trusts and conspiring with the Defendants.  SHAW

notarized untruthful documents for conveyances and transfers.  BERRYHILL

committed perjury into the courts as a witness, Penal Code 132.5 knowing and

false statements as a witness against accused, and concealed estate assets, wills,

trusts and beneficiary disclosures.  He conspired with public officials; 42 U.S.C.

§1983, §1985(2)(3), §1986, §1988, obstruction, 18 U.S.C. Ch. 73 §1512 (A)(B)

(C) (3 & c.1); 18 U.S.C. Part I Ch. 2 §33;  perjury,  18 U.S.C. Ch. 79 §1623.

45.    At all times mentioned herein, DEFENDANT James Nichols, is an

independent attorney residing and practicing law in Santa Barbara County.    He is

and was the retained attorney for cases 01133001 Murrell v Mankowski Trustee

and appeal B176434 and Mankowski v La Cumbre Homeowners' Association.

He is sued for perjury,  malicious prosecution; slander; character defamation;

conspiracy; perjury; legal malfeasance; obstruction of justice; filing untruthful and

unverified documents in to a court of law; filing forgery to defraud MURRELL in

a court of law; conspiring with public officials and conspiring in a Civil Rights

Conspiracy; 18 U.S.C. Ch. 13 §241, §245 §246.  He  conspired with public

officials, suit is filed pursuant to; 42 U.S.C. §1983, §1985(2)(3), §1986, §1988,

obstruction, 18 U.S.C. Ch. 73 §1512 (A)(B) (C) (3 & c.1); perjury, 18 U.S.C. Ch.

79 §1623.

46.    At all times mentioned herein, DEFENDANT Judge James Brown, is employed in Santa Barbara County Superior Court ANACAPA Division.    He is responsible for the deprivation of MURRELL's constitutional rights and miscarried justice by deprivation of U.S. and state constitutionally secured Civil Rights; California Constitution Article I §7 (a) and U.S. First, Fifth, Eleventh and Fourteenth Amendments.  He acted wrongfully  and obstructed justice in the abuse of the office and administrations of courts by conspiring with the Defendants and public officials.  He is alleged to have conspired with the Defendants, MCKINLEY and police, 18 U.S.C. Ch. 13 §241, in the Civil Rights Conspiracy to defraud and prevent due process 18 U.S.C. Ch. 13 §245, in breach of federally protected rights 18 U.S.C. Ch. 13 §246, impeding of justice by a public official 18 U.S.C. Ch. 11 Sec. §201(b) (1) in three (3) courts and seven (7) cases and conspired with public officials, other courts and the Defendants. 42 U.S.C. §1983, §1985(2)(3), §1986, §1988, obstruction, 18 U.S.C. Ch. 73 §1512 (A)(B) (C) (3 & c.1);  perjury, 18 U.S.C. Ch. 79 §1623.

47.    At all times mentioned herein, DEFENDANT Santa Barbara, California Assistant District Attorney Pat MCKINELY, is a public official employed by the  Santa Barbara District Attorney's Office within the County of Santa Barbara and represented by the County Counsel's Office.  MCKINLEY is the next door neighbor of MANKOWSKI and good friends of the judges and

Defendant attorneys.  Probable cause has arose that he conspired with the

Defendants, courts and police, 18 U.S.C. Ch. 13 §241, §246, in the Civil Rights

conspiracy to defraud and to prevent due process; 18 U.S.C. Ch. 13 §245, in breach

of federally protected rights, 18 U.S.C. Ch. 13 §246, impeding of justice by a

public official 8 U.S.C. Ch. 11 §201(b) (1) in three (3) courts and seven (7) cases.

He is alleged to be responsible for the police misconduct against MURRELL; 42

U.S.C. §1983, §1985(2)(3), §1986, §1988, obstruction, 18 U.S.C. Ch. 73 §1512

(A)(B) (C) (3 & c.1); 18 U.S.C. Part I Ch. 2 §33;  perjury,  18 U.S.C. Ch. 79

§1623.

48.    At all times mentioned herein, DEFENDANT The Sheriff's

Department [Drinkwater], is located within the City and County of Santa Barbara

California.  They are represented by Santa Barbara County Counsel and the City

Attorney's Office.  The Sheriff's Department conspired with the Defendants and

breached MURRELL's Civil Rights in police misconduct in both an eviction and

unlawful seizure of her property and legal files.  Suit is filed pursuant to; 42 U.S.C.

§1983, §1985(2)(3), §1986, §1988.

49.    At all times mentioned herein, DEFENDANT, The Santa Barbara

Police Department, located on Figueroa Street, Santa Barbara, CA, is located in the

County of Santa Barbara.  They are represented by Santa Barbara City Attorney's

Office located on Figueroa St in Santa Barbara.   The Police Department conspired

with the Defendants and breached MURRELL's Civil Rights to claim re-entry to her home.  Suit is filed pursuant to; 42 U.S.C. §1983, §1985(2)(3), §1986, §1988.

50.     At all times mentioned herein, DEFENDANT, The Second District Court of Appeals, is located in Ventura County.  Judicial Officer COFFEE and Gilbert PERLIN.    These judges wrongly ruled on fraudulent documents, false estate representations and on the Swiss faxed forgeries.  COFFEE DENIED all writs and judicial notices in appeal with the new Swiss police forensics and estate information based on the fact that MURRELL's attorney did not substitute in as her attorney because of the Swiss faxed forgeries.   Probable cause has arose that he conspired with the Defendants, and impeding of justice by direct contact with Public Officials and the Defendants; 8 U.S.C. Ch. 11 §201(b) (1).  He participated in a Civil Rights Conspiracy, 18 U.S.C. Ch. 13 §241, §245, §246, to defraud and to obstruct justice and due process in deprivation of secured Civil Rights; California Constitution Article I  §7 (a) and U.S. First, Fifth, Eleventh and Fourteenth Amendments.  Suit is filed pursuant to; 42 U.S.C. §1983, §1985(2)(3), §1986, §1988.    Obstructing justice on his presumptions and beliefs of the Defendants.

51.     At all times mentioned herein, DEFENDANT, The United States District Court, is located on Spring St. in Los Angeles County.  Suit is filed pursuant to, 42 U.S.C. §1983, §1985(2)(3), §1986, §1988, and deprivations of the U.S. First, Fifth, Eleventh and Fourteenth Amendments.  The Court violated Rule

USDC SF   Murrell v Nortin &  Sturino,  Cook, Edwards, Berryhill & Miller etal. Page 27 of 421

72(b) and 12(b)(6) of the Federal Rules of Civil Procedure, the federal statute 28

U.S.C. § 636(b)(1)(B)(C), and Civil Local Rule 72-3.  This court was conspiring

with the Defendants to deny MURRELL Civil Rights and clerk red flagged for sua

sponte dismissal (in violation of Civil Court Rule 312(d)(b)), 04-8468 and 04-

09352 in a Civil Rights conspiracy and conspiring with Public Officials.  The case

of <u>Murrell v Mankowski Trustee</u> had concluded in summary judgment on

September 22, 2004.  The new filing was done on October 12, 2004 for a sua

sponte dismissal (in violation of Civil Court Rule 312(d)(b)).  A formal motion

must be brought by the Defendants for dismissal; Civil Rule 312(d)(b).  The case

was unlawfully dismissed.

52.     At all times mentioned herein, DEFENDANT, Mr. Jeffrey Domine, is

an attorney practicing law in Ventura and Los Angeles California; DOMINE &

ADAMS;  ADAMS, NOBLIN & VRATARIC; LOEWENTHAL, HILLSHAFER

& ROSEN.   He is counsel for La Cumbre Homeowners' Association and also

represented THOMAS TOWING.  He, allegedly, conspired with the Defendants to

defraud MURRELL in a private agreement between MANKOWKSI, the

Homeowners' Association (See Tenth Cause of Action).  He committed extreme

perjury before a court and failed to perform service to MURRELL on numerous

occasions; 18 U.S.C. Ch. 79 §1623 and 18 Ch. 79 §1621 & §1226, obstructing

justice and conspired with the Defendants and Public Officials to defraud

MURRELL; 18 U.S.C. 18 Ch. 13 241 in a Civil Rights Conspiracy. The

conspiracy was to deny and obstruct due process by untruthful evidence and the

Swiss faxed forgeries; 18 U.S.C. Ch. 13 §245 & §246. Suit is filed pursuant to 42

U.S.C. §1983, §1985(2)(3), §1986, §1988; obstruction, 18 U.S.C. Ch. 73 §1512

(A)(B) (C) (3 & c.1); 18 U.S.C. Part I Ch. 2 §33; perjury, 18 U.S.C. Ch. 79 §1623.

53.   At all times mentioned herein, DEFENDANT, Thomas Towing dba

Mathew Thomas, is a resident of Santa Barbara and owed a tow yard in Santa

Barbara County. Defendant VALREY is his employee who filed declarations of

perjury into a court of law. On February 25, 2004 Thomas Towing committed

GRAND THEFT AUTO unlawfully towing MURRELL's vehicle off of private

property in violation of motor vehicle codes and without a mandatory 90 hour or

24 hour notice.  He then destroyed the Plaintiff's irreplaceable classic auto while

in his tow yard when he failed to cover or properly store the vehicle, causing it to

be destroyed by a flood/water in his tow yard; 18 U.S.C. Part I Ch. 2 §33. The

auto was valued at approximately $60,000 and insured by AAA. MURRELL was

denied due process by fraud, perjury, conspiring and hearsay in a changed

summary judgment changed, favoring the tow company, due to Defendant

MANKOWSKI's liabilities. THOMAS and VALEY are also charged with fraud;

perjury as a witness, Penal Code 132.5, knowing and false statements as a witness

against accused; perjury and obstruction of justice 42 U.S.C. §1983, §1985(2)(3),

§1986, §1988; 18 U.S.C. Ch. 73 §1512 (A)(B) (C) (3 & c.1); 18 U.S.C. Part I Ch. 2

§33;  perjury,  18 U.S.C. Ch. 79 §1623.

54.    At all times mentioned herein, DEFENDANT, Mrs. Hillary Tentler,

is a resident of Santa Barbara County and the paid accountant of La Cumbre

Homeowners' Association.  She conspired with MANKOWKI, BERRYHILL and

NICHOLS to defraud and obstruct due process; 18 U.S.C. Ch. 13 §241, in

declarations of PERJURY, 28 U.S.C. Part V Ch. 115 §174 and perjury and

subornation of perjury, 18 U.S.C. Ch. 79 §1621& §1226 violations, in slanderous

and character defamation and mental illness claims, refuted by NEW medical

evidence, 28A U.S.C. Rule 608, 609.  TENTLER violated 28 U.S.C. §1108 &

§1109 in her declaratory writing and, Penal Code 132.5, knowing and false

statements as a witness against accused, with untruthful claims as a witness.   Her

perjury was used as PRIMARY evidence.  She conspired for a Civil Conviction for

the crime of embezzlement and eviction; 42 U.S.C. §1983, §1985(2)(3), §1986,

§1988; obstruction, 18 U.S.C. Ch. 73 §1512 (A)(B) (C) (3 & c.1);  perjury,  18

U.S.C. Ch. 79 §1623.

55.    At all times mentioned herein, DEFENDANT La Cumbre

Homeowners' Association is located in Santa Barbara County.  The association

members conspired with Defendant MANKOWSI to defraud MURRELL in the

eviction conspiracy.  The Association entering into a secret and private to pay

Thomas Towing legal fees.  Their agents committed perjury into the court that

MURRELL filed suit against them and that they claimed that MURRELL's

destroyed auto was dilapidated.  Mrs. Sandra FOEHL, is a resident of Santa

Barbara County and housewife residing in Santa Barbara County.  She is an

accessory to the tow and destruction of the Plaintiff's classic auto.  She committed

perjury into the court, conspired with MANKOWSKI and filed a fraudulent police

report; Penal Code 115, filing, recording and representation of false documents to

public and private agencies, public offices, law enforcement agencies and courts of

law.   Delores Woodson filed a declaration of perjury into the court as a witness;

28 U.S.C. Part V Ch. 115 §1746.  Suit is filed pursuant to; 42 U.S.C. §1983,

§1985(2)(3), §1986, §1988; obstruction, 18 U.S.C. Ch. 73 §1512 (A)(B) (C) (3 &

c.1), 18 U.S.C. Part I Ch. 2 §33; perjury,  18 U.S.C. Ch. 79 §1623.

     56.    At all times mentioned herein, DEFENDANT, Craig  Price, is an

attorney representing the Santa Barbara School District employed by GRIFFITH &

THORNBURGH.  He plead perjury  plead PERJURY into the court that

MURRELL's school records were not located and breached his discovery

obligations.  He plead perjury that he was not properly served his subpoenas.  He

refused to surrender MURRELL's school records obstructing justice in case

01133001, <u>Murrell v Mankowski Trustee</u>.   It is suspected that PRICE was also

conspiring with the Defendants.  Suit is filed pursuant to; 42 U.S.C. §1983,

§1985(2)(3), §1986, §1988; obstruction, 18 U.S.C. Ch. 73 §1512 (A)(B) (C) (3 &

c.1);  perjury, 18 U.S.C. Ch. 79 §1623.

57.    At all times mentioned herein, DEFENDANT, NORDIN &

STURINO is an Illinois law firm.  The firm conducted the sale of a FORBRICH

apartment building in January 1999.  The firm failed to probate the FORBRICH

Will and Land Trust and distribute beneficiary assets, as mandatory, prior to a real

property sale.  The firm failed to disclose beneficiary estate assets or settle the

FORBRICH estate.  The firm falsely plead that the FORBRICH real estate sale

was the property of the Harvey S. Murrell estate and that the estate had been

probated on February 26, 1998.  The firm is charge with obstruction of justice,

fraud perjury and will and trust fraud.  Suit is filed pursuant to; 42 U.S.C. §1983,

§1985(2)(3), §1986, §1988; obstruction, 18 U.S.C. Ch. 73 §1512 (A)(B) (C) (3 &

c.1).

58.    At all times mentioned herein, the DEFENDANT, John Foster Lesch

is a resident of Cook County Illinois.  The Defendants MANKOWSKI and

BERRYHILL had plead under oath and filed a, dated1980, letter into court record

that he is the attorney who prepared the 1984 self declaration of trust for Harvey S.

Murrell.  This Defendant filed declarations of fraud and falsified trust documents

claiming that the father was the sole beneficiary of the FORBRICH Will and Land

Trust.  He obstructed justice by fraud and suit is filed pursuant to; 42 U.S.C.

§1983, §1985(2)(3), §1986, §1988; obstruction, 18 U.S.C. Ch. 73 §1512 (A)(B)(C)(3 & c.1).

59.   At all times mentioned herein, the DEFENDANT California Estate and Trust of Mary Lou Murrell has succeeded to the MANKOWSKI Trust under the care of Defendant MANKOWSKI and names known and unknown.

60.   At all times mentioned herein, DEFENDANT, Illinois Estate and Trust William F. Forbrich, has succeeded to the MANKOWSKI Trust under the case of Defendant MANKOWSKI and names known and unknown.

61.   At all times mentioned herein, DEFENDANT, Illinois Estate of Harvey S. Murrell has succeeded to MANKOWSKI Trust under the care of defendant MANKOWSKI; names known and unknown.

## V.   **THIRD PARTIES OF INTEREST**

62.   At all times mentioned herein, Mr. Walter Theiler of THEWA, is a resident of the Kanton of Niedwalden resident at Furgen Switzerland and is the confirmed trust embezzler/depletor.  He was employed by Defendant MANKOWSKI from 1997 – 2004 as asset manger for MURRELL's embezzled trust.  He was continually secretly conspiring with Defendants MANKOWKSI, BERRYHILL and MARY to defraud MURRELL.   He conspired with Defendants MANKOWKSI, BERRYHILL and NICHOLS in March – September 2004 to prepare four (4) disingenuous Swiss faxes and a declaration of perjury.  The faxes

are confirmed disingenuous and bearing computer forgery of MURRELL's

signature.  These Swiss faxed forgeries were used in court to FRAME MURRELL

for the embezzlement she did not commit in order to seize her property when they

were filed into State Court and represented in USDC under oath as genuine upon

which dismissals, judgments and remitters were awarded to the Defendants.  He is

criminally charged by the Swiss Criminal Court for the embezzlement, computer

forgery and impeding justice in California Courts.

63.    At all times mentioned herein, Mr. Louis Oehri LOPAG [Louis Oehri

and Partner], is a resident of Liechtenstein.  OEHRI conspired with THEILER,

NICHOLS, MANKOWSKI and BERRYHILL and filed a declaration of

PERJURY into court record.  He assisted in FRAMING MURRELL for his crime.

He is the former trust manager who is also charged for the trust embezzlement.  He

was employed on or about 1988 by MANKOWSKI.

64.    The Plaintiff is ignorant of the true names and capacities of

Defendants sued, herein Does 1–24, and therefore, sues these Defendants by such

fictitious names.

65.    Plaintiff is informed, believes and, hereon, alleges that at all times,

herein; mentions each of the Defendants were an agent and employees and in doing

the things, herein, alleged was acting in the course and scope of such agency and

employment.

## VI.   LEGAL ENTITLEMENT FOR DE NOVO REVIEWS

66.   The Plaintiff is entitled to de novo reviews in three (3) courts, with objections of the USDC Magistrate's sua sponte dismissals (in violation of Civil Court Rule 312(d)(b)) of a case that had already concluded.  The Magistrate violated Civil Court Rule 312(d)(b) requiring a formal motion filed by the Defendants to dismiss the case.  He proceeded on verbal instructions rather than court protocol and also violated; Rule 72(b), 12(b) (6) of the Federal Rules of Civil Procedure; the Federal Statute 28 U.S.C. §636(b) (1) (B) (C); and Civil Local Rule 72-3.  The conspiring and sua sponte dismissals (in violation of Civil Court Rule 312(d)(b)) by a Magistrate Judge poses a major issue in this action concerning the right to evict and seize MURRELL's co-owned home, furnishings and belongings in violation of the U.S. Fourteenth Amendment and California Constitution Article I §7 (a), by deprivation of the Plaintiff's Civil Rights and obstructing justice by conspiring with Public Officials and clerks [with red flag].  (See Seventh Cause of Action).

67.   Cases for regression on new evidence and in vindication of deprivation of secured Constitutional Rights; U.S. Amendment First, Fifth, Eleventh, Fourteenth, California Constitution Article I §7 (a).   This proves WRONGFUL Civil Proceedings and WRONGFUL decisions.

### 1.   Santa Barbara Superior Court:

USDC SF   Murrell v Nortin &  Sturino,  Cook, Edwards, Berryhill & Miller etal. Page 35 of 421

68.   a.   <u>Murrell v Mankowski Trustee</u> 01133001 - An estate claim case that was dismissed in an instant Summary Judgment on Swiss faxed forgeries and concealment of wills and trust with fraudulent estate information, with the erroneous exclusion of evidence, Swiss faxed FORGERY and untruthful declarations of PERJURY.   On October 15, 2004, MURRELL was unlawfully evicted from her lawfully co-owned home for an unlawful seizure on forgery.  MURRELL suffered damages from her attorney who failed to file her points and authorities and answer the cross-complaint. (See Ninth Cause of Action).

69.   b.   <u>Murrell v Thomas Towing</u> 01156933 - Filed in April 2004, an action concerning grand theft auto and its destruction  in a tow yard flood. (See Tenth Cause of Action).  MURRELL was awarded this action but approximately ten (10) days later the judgment was changed to favor THOMAS TOWING, when it was dismissed in MANKOWSKI's liabilities claiming the AAA vehicle inspection is hearsay, supporting declarations of perjury on hearsay refuted by the primary evidence of the insured vehicle inspection reports and photos of the destroyed auto.  The case was joined to <u>Murrell v Mankowski Trustee</u> for purposes of defrauding MURRELL in an eviction conspiracy in a mound of slander, untruthful pleadings with declarations of PERJURY and conspired documents i.e.: Swiss faxed

forgeries. (See Tenth Cause of Action).  An appeal was DENIED due to the

Swiss faxed forgeries and conspiring with the clerk.

70.    c.    <u>Mankowski v La Cumbre Homeowner's Association</u> 1167702 -

MANKOWSKI filed to rent MURRELL's home for $2,700. 00 a month in

violation of C. C. & R's.  This case verifies the conspiracies and a secret

private agreement between MANKOWSKI, HOMEOWNERS'

ASSOCIATION, DOMINE and NICHOLS, with a lien filed against

MANOWSKI for her liabilities in the unlawful tow and destruction of

MURRELL's vehicle.   The Defendants plead MURRELL sued the

HOMEOWNERS' ASSOCIATION for which there is no such suit.  (See

Tenth Cause of Action).   In order to impose remitters against MURRELL

for legal fees for which there was no order imposed.

**2. United States District Court Central California Division:**

71.    a.    Removal of <u>Murrell v Mankowski</u> 04-8468, October 12, 2004,

sua sponte dismissed (in violation of Civil Court Rule 312(d)(b)) within eighteen

(18) hours by oral communications directly into the court chambers, in breach of

Rule 12 (b) (6) by <u>non-consent</u> of a magistrate; 28 U.S.C. § 636(b)(1)(B)and (C),

and Civil Local Rule 72(b), 72-3.  Removal was filed on (a) 42 U.S.C. §1983,

§1985 (2) (3), §1986 & §1988; denial of secured Constitutional Civil Rights and

due process; (b) new evidence of a preliminary trust audit and banking proving

cries of innocence; (c) multi jurisdictional issues thwarting Illinois evidence by
Superior Court Judge BROWN; (e) wrongful decisions and wrongful civil
proceedings (f) forgery and unverified Swiss faxes.

72.   The removal was filed when the lower tribunal canceled an
emergency ex-parte for review trust banking and preliminary audit review,
moreover, when the Appellate Court denied a wit of relief on, October 12, 2004,
on the new evidence of the preliminary audit and banking, proving the Swiss faxes
are false and MURRELL did not embezzle/deplete her trust.  Probable cause has
arisen that the Defendants were conspiring with Public Officials the Magistrate and
clerks with red flagging.  (See Exhibit 19).

73.   The reason for sua sponte dismissal (in violation of Civil Court Rule
312(d)(b)) was it would have halted the, October 15, 2004, Superior Court eviction
proceedings as set forth in the Defendants moving papers on, December 04, 2004.
(See Exhibit 19).  The new evidence verifies MURRELL was denied her Civil
Rights which would have expunged the embezzlement charges and eviction as
WRONGFUL.  MURRELL was never notified of until she arrived at the court
house with her complaint on, November 02, 2004.

74.   b.   Murrell v Cook, Edwards, Berryhill and Miller etal. for will and
trust fraud, forgery, Case 04-09352 (JWR), with a Federal injunction never heard,
filed November 02, 2004, and sua sponte dismissed (in violation of Civil Court

Rule 312(d)(b)) by clerk **"red flagging"** by non-consent of a Magistrate.   This

new case was filed when MURRELL arrived at the USDC courthouse finding her

first case had been secretly dismissed on, October 13, 2004.  This case was

assigned to USDC Judge RAE when MURRELL disqualified Magistrate Judge

HATTER for violations of Federal statues and rules of civil procedures.   It was

transferred from USDC Hearing Judge to disqualified Magistrate Judge for sua

sponte dismissal (in violation of Civil Court Rule 312(d)(b)) within fifteen (15)

minutes, to stop an emergency Federal Injunction being heard in USDC Rae's

chambers.  The clerk stormed the court room and blocked MURRELL's entry to

the judicial chambers with her body.   The case and injunction was brought on the

afore mentioned grounds and for re-entry to MURRELL's home after eviction,

when MURRELL was DENIED a filing into Santa Barbara Police Department to

re-entry to her home when the Defendants refused the 15 day statute for her re-

entry.

        75.     Upon the, November 02, 2004 filing, the second case was also sua

sponte dismissed (in violation of Civil Court Rule 312(d)(b)) by conspiring with

public officials and filing clerk **"red flagging"**. (See Exhibit 19).  MURRELL had

disqualified the Magistrate requesting a real judge.  The case was assigned to

Judge RAE.   As MURRELL approached the bench for her hearing, a clerk ran

from the back of the court room blocking the entry to the chambers for the hearing,

then stopping the proceedings telling MURRELL to leave.  This was because her

case had been dismissed and was sent back to the disqualified magistrate for sua

sponte dismissal (in violation of Civil Court Rule 312(d)(b)) by oral

communications with NICHOLS, BROWN and the Public Official by **"red**

**flagging"**.  The court violated; Rule 72(b) and 12(b)(6) of the Federal Rules of

Civil Procedure, the Federal Statute 28 U.S.C. § 636(b)(1)(B)(C), and Civil Local

Rule 72-3.

76.    NICHOLS verifies the **"red flagging"** and dismissed in breach of,

Rule 12 (b) (6), and further deprivation of an order by the Ninth (9) Circuit to hear

the emergency injunction.   MURRELL was DENIED her appellate filing and

answer to the Ninth (9) Circuit by the Pasadena clerk.

### 3.  Second District Court of Appeals:

77.    a.    <u>Murrell v Mankowski</u> B176434 - Court DENIED all evidence

and new evidence i.e.: Swiss police documents and forensics, suppressed evidence

of wills and trust.  The denial was predicated upon the Swiss faxed forgeries and

the fact that the Plaintiff's attorney did not substitute in as her attorney, ruling that

the asset managers do not LIE!  The asset managers do LIE, as verified by Swiss

police evidence and forensics. (See Exhibits 02; 03; 04; 05; 06)

78.    b.    <u>Murrell v Thomas Towing</u> B18094 APPEAL was DENIED on

fraudulent Swiss faxed forgeries.  This action was joined to <u>Murrell v Mankowski</u>

Trustee for Swiss faxes and other evidence to defraud her.   MURRELL was

denied her legal rights to recover the destruction of her $60,000.00 classic auto in a

by tow yard neglect, based on the grounds of Defendant MANKOWSKI's

liabilities and hearsay.  (See Tenth Cause of Action).

79.    MANKOWSKI was liable for the tow.  (See Exhibit 13).  Therefore, a

lien was placed against MANKOWSKI for her liabilities on the residence from a

private agreement between the towing company and the HOMEOWNER'S

ASSOCIATION.   When MAMKOWSKI lost her case Mankowski v La Cumbre

Homeowner's Association, MURRELL was charged with remitters for the private

agreement in an unrelated appeal Murrell v Mankowski Trustee.   The Second

District Court appellate Judge COFFEE made the ruling even though there were

NO provisions in the dismissal for MURRELL to pay for THOMAS TOWING

legal fees.  This order is unrelated to both the appeal and causes of action without

due process.   Judge COFFEE falsely ruled that MURRELL sued the

ASSOCIATION who was conspiring with direct oral communications between the

Defendants and Public Officials.  MURRELL did not sue the ASSOCIATION and

is not responsible for a private agreement for which she is not a party.

80.    c.    Mankowski v La Cumbre Homeowners' Association - Still

pending.   This case proves the conspiracies and perjury and was brought to rent

MURRELL's home after she was evicted.

### 4.   New Evidence for NEW Decisions and Regression:[3]

81.   <u>SWISS FORENSIC TRUST AUDIT</u>  (See Exhibit 02).  Bussmann,

Niederberger and Kuing 2004 – 2007 Res ipsa loquitur.  The audit confirmed the,

September 2004, preliminary audit refused by USDC and the two (2) State Courts,

verifying the $800,000.00 embezzlement by asset mangers between, 1997 -2003,

of MURRELL's [special needs] trust.  Moreover, the Swiss faxes, LOAN

TREATY, and portfolio documents A, B, C are fraudulent and unable to be

verified.  The audit also confirms the second concealed trust holding

approximately $1.5 Million of beneficiary estate assets.  MANKOWSKI,

BERRHILL and NICHOLS suppressed from the court.  MANKOWSKI,

NICHOLS and BERRYHILL falsely plea concealing numerous bank accounts and

an off shore trust holding over $1.5 Million of beneficiary estate assets.

> *"These assets consist entirely of a three-bedroom condominium*
>
> *located at 78 La Cumber Circle in Santa Barbara and a modest*
>
> *amount of cash in a checking  account at Northern Trust Bank."*

---

[3] The trust embezzlement defense was FRAUD and HEARSAY without supporting verifiable or credible evidence of banking or a trust audit.  Yet, unconsciously ruled upon in three (3) courts in seven (7) cases obstructing and impeding in deprivation of MURRELL's U.S. Constructional Civil Rights  42 U.S.C. 42 §1983, §1985 (2)(3), 1986, 1988.  Title 45CFR U.S.C 1629 Ch XVI 1624 protects the grounds for a NEW and fair trial for **deliberate and neglectfully suppressed evidence rendering the previous courts actions as unfair trial/court decisions.**

82.    Note:  The summary judgment consisted of the unlawful

BERRYHILL estate successions, transfers and conveyances, vise vie the

fraudulent 1984 declaration of trust and 1979 residence deed, as well, as the 1998

twisting of the residence deed in the succession to represent a disclaimer and the,

April 23, 1999, disclaimer to take MURRELL's name off of what was represented

as MARY's bank account.

83.    The conspiracies are listed below:

1. *Trust depletion conspiracy*

2. *Financial irresponsible conspiracy*

3. *Bad behavior conspiracy*

4. *Mental Illness conspiracy*

5. *Eviction conspiracy*

6. *Litigious Conspiracy*

7. *Public Official Conspiracy*

8. *Civil Rights Conspiracy*

84.   <u>SWISS POLICE DOCUMENTS</u> [4]  (See Exhibit 3).  Res ipsa loquitur, verifying the embezzlement and charges against the asset mangers and proving MURRELL is INNOCENT of the embezzlement charged against her in three (3) courts to deny due process based on the conspiracies listed above, wrongfully ruling the Swiss asset managers to not LIE!  The Swiss Asset Mangers do LIE! They conspired with the trustee to prepare fraudulent Swiss faxes bearing copies of computer forgery!  This was ruled upon by the irrefutable deprivation of <u>secured</u> Civil Rights under the color of Federal and State Constitutional Provisions.

85.   <u>SWISS FORENSIC FORGERY INVESTIGATION</u> [5] (See Exhibit 4) Bussmann, Niederberger and Kuing 2006- 2007, res ipsa loquitur, verifies the Swiss faxes are both computer fraud and copies of computer forgery of

---

[4]  MURRELL filed motions, judicial notices and protective orders in cries of INNOCENCE.  The court was mandated to have order a trust audit Unified Trust Act §201 and order document verification and originals 28 U.S.C. §1003.  Presiding Superior Court Judge BROWN refused the preliminary trust audit and banking when MURRELL could produce it on or about September 23, 2004.  He DENIED a re-hearing on the new evidence and re-scheduled an ex-parte three (3) times and then cancelled it.  He wrongly evicted MURRELL and permitted her property to be seized by refusing the evidence.  The audit clearly proved the Defendants had no cause of action.

[5]  MURRELL was charged with PERJURY.  Subsequently, **CHILLED OUT** by 28 U.S.C. Part V Ch. 115 §1741 volitions requiring the court to order documentary signatory verification.   Pursuant to 28A U.S.C. Rule §1004 originals are to be in the control of the filing party.   NICHOLS was unable to produce the originals or document verifications in C.C.P. §2031 discovery pleading AFFIRMED.   THEILER, the author and admitted embezzler, refused subpoenas.  BROWN waived burden of proof and ruled upon them on July 21,  2004, September 22, 2004 October 15, 2004, Dec. 04, 2004, January 05, 2005 and January 17, 2005. The Second District also REFUSED this new evidence on October 12, 2004, August 2006, and October 2006. The Swiss faxed forgeries which would have proven the faxes as fraudulent on the grounds that MURRELL's appellate attorney failed to substitute into the case.

MURRELL's signature.  The judges WRONGFULLY decided the cases on presumption, by waiving burden of proof, 28 U.S.C. Art III §301, on the fraudulent documents bearing forgery; 28 U.S.C. Part V Ch 115 §1741.   The forensics and THEILER's deposition proves that the he was hired by Defendant Trustee MANKOWKSI in, March 2004, to prepare the fraudulent forged Swiss faxes.  (See Exhibit 5).   MURRELL had never come face to face with the computer forged documents until filed into court record by Attorney Defendant NICHOLS. Therefore, MURRELL could have never signed them in 1998 and 2000 as plead by MANKOWSKI in her sworn declaration.

86.   The NIEDERBERGER report verified NO trust and NO banking records exist supporting the Swiss faxes or documentary contents.  The sworn declarations of OEHRI, THEILER, NICHOLS, MANKOWSKI and BERRYHILL are fraudulent and perjuries.  Defendants plea under oath and declare MURRELL *made "unauthorized withdraws" in the sum of sFr 816,333.00 [approximately $600,000.00] and signed their "documentary evidence" between 1998 and December 15, 2000.*   **NO originals of the "documentary evidence" can be produced by NICHOLS, BERRYHILL, MANOWSKI, MCKINLEY and THEILER.** [6]

---

[6] The Judges in three (3) courts DENIED the burden of proof 28 U.S.C. Art III §301. Judges BROWN and COFFEE waived original document production 28 U.S.C. Part V Ch. 115
USDC SF   Murrell v Nortin & Sturino, Cook, Edwards, Berryhill & Miller etal. Page 45 of 421

87.    MANKOWSKI makes a declaration of perjury under oath:

*"Misters Theiler and Oehri provided documentary evidence signed by Joyce showing that she received a total of 816,311 Swiss Francs (about $600, 000, 00) between 1998 and December 15, 2000. As for Joyce's references to a criminal investigation by the "District Attorney's" office in Kriens, Switzerland," they stated they are not aware of it, "but [they] hope she will not do it. The outcome will not be very pleasant for Joyce".*

5.    **Five (5) Fraudulent Swiss Faxed "Documentary Evidence":** [7]

88.    <u>LOAN TREATY</u> [8] (See Exhibit 5).   This treaty sets  forth an

unknown business loan created by computer fraud and a copy of computer forgery

of MURRELL's signature.  The document is alleged to have been signed in 1997

two (2) years prior to her new business being formed.  Swiss police evidence and

---

§1732 & §1740.  Violating 18 U.S.C. Ch. 13 §241 deprivation of state and federally protected civil rights to due process obstructing justice; 18 U.S.C. Ch. 73 §1512 (A) (B) (C) (3) & c.1., secured under the color of the U.S. First, Fifth, Eleventh and Fourteenth Amendment and California State Constitution Article I §7(a).  USDC magistrate sua sponte dismissed the two (2) actions on verbal communications with the Defendants claiming MURRELL embezzled her trust.

[7] ***NOTE:*** The Swiss faxed forgeries were first seen and filed by Defendant attorney NICHOLS into Santa Barbara court record on June 30, 2004.  These faxes were PRIMARY evidence for an award in an instant Summary Judgment to evict and seize MURRELL's assets, property, belongings and furnishing.  LOAN TREATY was first seen when served in April 2004 admissions in <u>Murrell v Mankowski</u>.  This evidence was joined to <u>Murrell v Thomas Towing</u> for a "red herring" instant summary judgment favoring the Defendants.    The Swiss faxes DENIED appeals, sua sponte dismissals of USDC removal and second case, DENIED new evidence in appeals and caused the grave miscarrying of justice in three (3) courts.

[8] MURRELL plead with cries of INNOCENCE with up most of honesty and integrity.  That she had never seen for signed the Swiss faxes and the Kriens Switzerland D.A. was investigating the asset managers' embezzlement.  She plead the signatures did not resembled but did not appear to be hers.  She raised a genuine question of unfairness on document authenticity and forgery; 28 U.S.C. §1003.

forensics certify that this document was an attempt, by Defendant Asset Manager

THEILER, to cover up his embezzlement by computer fraud and forgery.

Investigations of banking and trust records conclude there was never a loan to

MURRELL and no verifying banking, loan or trust documents can be found.  This

unverified document was filed into court record under oath by Defendant's

Attorney James NICHOLS, MANKOWSKI and BERRYHILL.  Further

investigations verify that there are **no originals** and NICOHOLS violated, 28

U.S.C. §1003(A), §1001(3) 28 U.S.C. Part V Ch. 115 §1746 and Penal Code §470

- §483.5, §471 & §132 - §411, conspired documents bearing forgery to defraud

with defrauding by use of a court of law, in order to seize her property by

FRAMING MURRELL in many defenses invented by the Defendants  in the

following conspiracies: *"trust depletion conspiracy", "financial irresponsible conspiracy",*

*"bad behavior conspiracy", "mental illness conspiracy", "eviction conspiracy", "litigious*

*conspiracy" and "civil rights conspiracy".*

     89.    PORTFOLIO DOCUMENTS A, B, C (See Exhibit 5).  These

unverified Swiss faxes were filed into court record by Defendant attorney

NICHOLS to FRAME MURRELL for the trust embezzlement committed by asset

managers; verified by Bussmann, Niederberger and Kuing as not able to be

verified in trust and banking records Swiss police and as computer fraud where

MURRELL's signature are copies of computer and forgery.   Further

investigations verify that there are no originals and NICOHOLS violated, 28

U.S.C. §1003(A), 1001(3) 28 U.S.C. Part V Ch. 115  §1746 and Penal Code §470-

§483.5,  §471 &  §132 – §411, conspired documents bearing forgery to defraud

with defrauding by use of a court of law, in order to seize her property by

FRAMING MURRELL in many defenses invented by the defendants  supporting

the  following conspiracies: *"trust depletion conspiracy", "financial irresponsible*

*conspiracy", "bad behavior conspiracy", "mental illness conspiracy", "eviction conspiracy",*

*"litigious conspiracy" and "civil rights conspiracy".*

     90.   <u>DECLARATION OF PERJURY by Swiss asset managers, THEILER</u>

<u>and OEHRI; 28 U.S.C. Part V Ch. 115 §1746.</u> (See Exhibit 5).  Conspired by

MANKOWSKI and filed into court record by NICHOLS to deliberately provide

declaratory support FRAMING MURRELL for the embezzlement *in the "trust*

*depletion conspiracy", "financial irresponsible conspiracy", "bad behavior conspiracy" "mental Illness*

*conspiracy" "eviction conspiracy", "Litigious Conspiracy", "Civil Rights Conspiracy".*

     91.   <u>NEW EVIDENCE FROM THE LUZERN SWITZERLAND</u>

<u>POLICE DEPARTMENT 2005- 2007</u>  This evidence, res ipsa loquitur,

confirming the conspiracy to frame and defraud MURRELL in a court of law

*"trust depletion conspiracy",  "financial irresponsible conspiracy", "bad*

*behavior conspiracy", "mental illness conspiracy", "eviction conspiracy",*

*"litigious conspiracy", "civil rights conspiracy".*

92.    May 24, 2006 THEILER's Police Deposition and Police Documents Verifying THEILER's Embezzlement. (See Exhibit 6). These documents, res ipsa loquitur, confirms MANKOWSKI conspired with THEILER on or about, March 2004, to prepare the fraudulent Swiss faxed forgeries "documentary evidence" FRAMING MURRELL for his embezzlement.

93.    CIVIL filings by Criminal Judge HOCHLI (See Exhibit 7). These filings acknowledge the embezzlement, res ipsa loquitur.

94.    CIVIL charges by Swiss Civil Judge Yoler against THEILER for the embezzlement. Res ipsa loquitur. (See Exhibit 7).

95.    NEW EVIDENCE OF 2007 CREDIT SUISSE BANK LETTERS (See exhibit 8). This new evidence, res ipsa loquitur, proving MURRELL was not recognized at the bank and did not take the "unauthorized withdraws"; THEILER did. *The new evidence refutes the "trust depletion conspiracy", "financial irresponsible conspiracy", "bad behavior conspiracy", "mental illness conspiracy", "eviction conspiracy", "Litigious Conspiracy", "civil rights conspiracy".*

96.    NEW AND SURPRESSED EVIDENCE OF THE 1978 WILLIAM F. FORBRICH WILL AND LAND TRUST AND NUMEROUS BANK ACCOUNTS HOLDING BENEFICIARY ASSETS.[9] (See Exhibit 9).

---

[9] In October 2006 COFFEE refused to consider admitted FORBRICH Will and Land Trust Superior Court records. He DENIED appellate writs on mandatory, PC §16060-§16064, §16061.8(a), §16061.7, beneficiary disclosures and a audit Unified Trust Act §201 on the grounds of the Swiss faxed forgeries and that MURRELL's attorney failed to substitute in as her attorney.

There have been uncovered numerous bank accounts holding Beneficiary assets concealed in both estate information and kept out of court records. MURRELL was denied all beneficiary disclosures by both the Defendants and in Civil proceedings.[10] MURRELL claims she was defrauded by the Defendants who concealed and suppressed this trust, as well as, deliberately and maliciously misrepresenting estate matters in courts of law.

97.     The Defendants filed perjury into the court that this trust and the disputed apartment building sale on January 1999 was owned by the Father in his trust, visa vie a 1980 letter from attorney John Foster LESCH and a 1984 self declaration of trust. (See Exhibit 11).  The trust documents were pleaded under oath by MANKOWKSI, BERRYHILL and NICHOLS to have been prepared and filed by LESCH, although, the 1984 fraudulent self declaration of trust is refuted because the Father is not the sole heir of the FOBRICH estate.  This fraud is basis

---

[10] BROWN DENIED a May 23, 2004 motion to order a mandatory accounting violating PC §11050 and Unified Trust Act §201 from the holding banks, when NICHOLS objected to the production,  MANDATING beneficiary disclosure; 26 U.S.C  §6034A, §662, §584, §6034A, §6012(a), §652, §584, §982, §7206 and PC §16060-§16064, §16061.8(a), §16061.7. MANKOWSKI, BERRYHILL and NICHOLS refused in C.C.P. §2031 discovery and interrogatories and BERRYHILL refused subpoenas.  They committed PERJURY pleadings MURRELL had failed to file C.C.P. 2031 discovery which they had previously refused.  Due to gender bias, MURRELL was sanctioned $1,125.00 for bringing her motion for mandatory beneficiary disclosure.   Probate Code §8870 – §8873 mandates the court to hold in CONTEMPT for refusal to disclose estate in C.C.P. §2031 discovery and interrogatories,  PC §8871.  Title 12 U.S.C §164 provides imposes Penalty for failure to make beneficiary reports.

fir fraudulent estate actions unlawfully conducted by two (2) law firms.  The trust

also proves a 1979 fraudulent residence deed.  The fraud was ruled upon in the (3)

courts when this PRIMARY evidence was denied.

98.    In the opinion of the Plaintiff the, 1984, self declaration appears to be

a self written by her FATHER and is an unfilled or verified document.  The courts

have ruled otherwise and ruled that the FATHER was the sole heir of the

FORBRICH Will and Land Trust by suppressing and refusing the FORBRICH

Will and Land Trust and its accounting to verify trust holdings and beneficiary

claims.  (See Third and Fourth Causes of Action).

99.    The courts wrongly ruled in the two (2) California Courts, in the favor

of the Defendants, predicated upon the LESCH letter and perjury concerning estate

matters. (See Third and Fourth Causes of Action). The other Beneficiary defrauded

has come forward to verify MURRELL's position.  (See Exhibit 10).

100.    The Second District Court wrongly ruled that the 1999 apartment

building sale was from the "probated" will and trust of Harvey S. Murrell.  [Not

true it was held in the FORBRICH Will and Land Trust].  The court based the

opinion on a document prepared by Defendant NORTIN and STURINO (herein

known as "NORTIN").   Where it is alleged that the father's will and estate was

probated on February 26, 1998.  This is untrue. (See Exhibit 11 and Third and

Fourth Causes of Action.)  This appears to be another fraudulent act of estate

misrepresentation by MANKOWSKI and BERRYHILL.  The two (2) Illinois wills

and trusts remain non-disclosed, non-probated and non-settled unlawfully

succeeding to MANKOWSKI.[11] (See Exhibits 9 and 11).

101.   MURRELL uncovered NEW evidence of her Grandfather

FORBRICH Will and Land Trust after DENIED the discovery by Superior Court

Judge BROWN.  This primary relevant evidence was produced to MURRELL by

the Illinois accountant, Ronald Dykema (herein known as "DYKEMA") on June

30, 2004 and refused by the three (3) courts.[12]

102.   This will and land trust proves the courts WRONGLY ruled by

deprivation of due process on the erroneous exclusion of evidence. Where the

simple production of accounting, tax and banking records would prove the

beneficiary assets.   The trust by-laws prove MANKOWSKI and BERRYHILL

unlawfully conveyed and evicted MURRELL both in violation of statutes and trust

---

[11] The sale disclaimer was a gift in consideration by MURRELL for emergency medical care for her Mother, MARY.  She expected to receive it back from the estate.  Neither the father or grandfather's will or trust has been disclosed or settled to the beneficiaries rendering the disclaimer void.   The Santa Barbara Superior Court and the Second District Court of Appeals Judge COFFEE WRONGLY ruled as **probated** by fraud and denial of the PRIMARY trust of William F. Forbrich.

[12] BROWN ruled he would not consider the two (2) Illinois wills and trusts on Sept. 22, 2004 claiming jurisdiction.  CONTRARY to PC §17005(a)(1) which places the jurisdictional venue in the state where the trust was administered.  In this case the trustees resided in California.

USDC SF   Murrell v Nortin &  Sturino,  Cook, Edwards, Berryhill & Miller etal. Page 52 of 421